**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 21, 2012

LETTER TO COUNSEL

    Re:    *Carla L. Tilghman v. Michael J. Astrue, Commissioner of Social Security*,
            Civil No. SAG-09-2717

Dear Counsel:

    Pending by the parties' consent are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Carla L. Tilghman's claim for Disability Insurance Benefits ("DIB"). ECF Nos. 19, 39. Plaintiff also filed a response to Defendant's Motion. ECF No. 40. I must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6 (D. Md. 2011). For the reasons that follow, I will GRANT the Commissioner's Motion and DENY the Plaintiff's Motion.

    Carla L. Tilghman ("Ms. Tilghman") applied for benefits on December 16, 2004, alleging disability as of December 6, 2004 due to back and neck pain, and bipolar disorder. (Tr. 41, 62). Her claim was denied initially, and upon reconsideration. (Tr. 32-33). After a hearing before Administrative Law Judge Harry J. Barr ("the ALJ"), held on May 8, 2007, the ALJ denied Ms. Tilghman's claim and concluded in a decision dated June 29, 2007 that she retained the residual functional capacity ("RFC") to perform a limited range of light work.[1] The ALJ found that although she was unable to perform any of her past relevant work ("PRW"), considering her age, education, work experience, RFC, and based on the Medical Vocational Guidelines, there were jobs in the national and local economies that existed in significant numbers that Ms. Tilghman could perform.[2] Accordingly, the ALJ found that she was not disabled. (Tr. 18-28). On September 24, 2009, the Appeals Council denied Ms. Tilghman's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner. (Tr. 6-10).

    Ms. Tilghman presents several arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence. For the reasons that

---

[1] The ALJ found that Ms. Tilghman was limited to simple unskilled light work, not involving ladder or scaffold climbing. (Tr. 22).

[2] The ALJ determined that a finding of not disabled was directed by Medical Vocational Rule 202.21. (Tr. 28).

*Carla Tilghman v. Michael J. Astrue, Commissioner of Social Security*,
Civil No. SAG-09-2717
December 21, 2012
Page 2

follow, I find that the Commissioner's decision is supported by substantial evidence, is legally correct, and therefore must be affirmed.

First, Ms. Tilghman maintains that the ALJ erred at step two by failing to find her bipolar disorder and fibromyalgia were "severe" impairments. ECF No. 19, at 31-45. In order to be "severe," an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. § 416.921(a). An impairment is not severe "if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

There is no dispute that the record contains some evidence that Ms. Tilghman was diagnosed with bipolar disorder. (Tr. 21, 458-66). The Commissioner's regulations require that the ALJ's "rationale must show the significant history, including examination, laboratory findings, and functional limitations that we considered in reaching conclusions about the severity of the mental impairments." *See* 20 C.F.R. § 404.1520a(c)(4).

After review of the entire record, and the ALJ's decision, I find that the ALJ incorporated the pertinent findings and conclusions based on the required procedure in his rationale. More importantly, his finding that Ms. Tilghman's bipolar disorder was not severe is supported by substantial evidence. (Tr. 21-22). For example, the ALJ discussed Dr. Harkhani's consultative psychiatric examination of Ms. Tilghman. The ALJ noted Dr. Harkhani's findings that Ms. Tilghman had not had any psychiatric treatment, or medication, for at least two years and she seemed to be generally functioning well. (Tr. 25, 267). The ALJ found that Ms. Tilghman had "mild" restrictions in her activities of daily living, "mild" restrictions in social functioning, "mild" restrictions in concentration, persistence, or pace, and that she had experienced "one or two" episodes of decompensation. (Tr. 21). In sum, the ALJ properly documented the technique he applied, which is set forth in 20 C.F.R. § 404.1520a, and there is support in the documentary records considered by the ALJ for his findings.

Ms. Tilghman also argues that the ALJ erred by not finding her fibromyalgia was a severe impairment. The ALJ, in relevant part, stated:

> Her diagnosis of fibromyalgia is also questionable, as Dr. Bell is the only source who identified any associated trigger points. Dr. Edmund MacLaughlin identified typical tender points for fibromyalgia in May 2005, but noted negative laboratory studies.

(Tr. 21). Ms. Tilghman's history of fibromyalgia is not well documented in the medical records, and at least one of the physicians who treated and examined her listed it as only a secondary diagnosis. For example, Dr. MacLaughlin noted that Ms. Tilghman had tender points in the "usual locations," and noted a diagnosis of degenerative joint disease of the neck and back, and secondary fibromyalgia. (Tr. 256). This evidence undermines Ms. Tilghman's argument that the

*Carla Tilghman v. Michael J. Astrue, Commissioner of Social Security*,
Civil No. SAG-09-2717
December 21, 2012
Page 3

ALJ "did not take her diagnosis seriously." ECF No. 19, at 37-38. The ALJ discussed how he considered the medical evidence regarding her alleged fibromyalgia, and I find the ALJ's determination that it was not severe is substantially supported by the evidence.

Likewise, I am not persuaded that the ALJ failed to consider the effects of Ms. Tilghman's obesity pursuant to Social Security Ruling ("SSR") 02-1p.[3] Ms. Tilghman argues that based on her height and weight and Dr. Parmar's notation that she was obese, the ALJ should have given adequate consideration to her obesity. ECF No. 19, at 45. A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment. SSR 02-1p, in relevant part, states:

> **There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes.

*See* SSR 02-1p, 2002 WL 34686281, at *4 (emphasis added).

Ms. Tilghman has not directed my attention to -- nor do I find -- any medical evidence concluding that her weight adversely affected her ability to function. *See* 20 C.F.R. § 404.1512 (requiring evidence of disability). In sum, I do not find that the ALJ failed to consider the effects of Ms. Tilghman's alleged obesity in violation of SSR-02-1p.

Ms. Tilghman also argues that the ALJ's findings at step five are not supported by substantial evidence, and that the ALJ was required to obtain the testimony of a vocational expert ("VE"). Specifically, Ms. Tilghman submits that application of the Medical Vocational Guidelines ("the Grids") was improper because she had the nonexertional limitation of pain. The Commissioner argues that the ALJ properly applied the Grids, specifically Rule 202.21, and that the ALJ was not required to consult with a VE because the ALJ properly found that Ms. Tilghman's nonexertional limitations did not interfere with her RFC.

An ALJ may apply the Grids despite the presence of nonexertional limitations in cases where, as here, the nonexertional limitations do not significantly affect the claimant's RFC. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, §200.00(a)(2005). Not every nonexertional limitation rises to the level of a nonexertional impairment, so as to preclude reliance on the Grids. The proper inquiry is whether the nonexertional condition affects an individual's RFC to perform work of which he or she is exertionally capable. *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (citing *Grant v. Schweiker*, 669 F.2d 189 (4th Cir. 1983)). The determination whether a nonexertional limitation affects one's RFC is a question of fact, and therefore is a determination to be made by the ALJ. However, such a finding must be supported by substantial evidence. In

---

[3] Ms. Tilghman's counsel cited SSR 00-3p as applicable in this case. ECF No. 19, at 45. However, this Ruling was superseded on September 12, 2002 by SSR 02-1p. *See* SSR 02-1p, 2002 WL 34686281.

*Carla Tilghman v. Michael J. Astrue, Commissioner of Social Security*,
Civil No. SAG-09-2717
December 21, 2012
Page 4

this case, the ALJ found: "[Ms. Tilghman] has the RFC to perform simple unskilled light work, not involving ladder or scaffold climbing." (Tr. 22) (emphasis added). These limitations in and of themselves do not have an effect on the occupational base for light work. *See* SSR 83-14, 1983 WL 31254; SSR 83-10, 1983 WL 31251. The ALJ found that Ms. Tilghman's "documented postural and mental limitations do not result in substantial reduction in the occupational base of administratively noticed unskilled jobs at the light exertional level." (Tr. 28). Accordingly, it was proper for the ALJ to rely on the Grids, and his decision is supported by substantial evidence.

Thus, for the reasons given, this Court DENIES Ms. Tilghman's Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge